Filed 3/17/26  P. v. Kimble CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>KELLY VAUGHN KIMBLE,<br><br>    Defendant and Appellant. | C097389<br><br>(Super. Ct. No. CM026600)<br><br>OPINION ON TRANSFER |

In November 2008, the trial court sentenced defendant Kelly Vaughn Kimble to 25 years to life under the "Three Strikes" law, plus an additional year for a prior prison term enhancement.  In October 2022, defendant appeared for resentencing pursuant to Penal Code section 1172.75.[1]  At the resentencing hearing, the trial court struck defendant's one-year prior prison term enhancement, but otherwise left his sentence unchanged.  Defendant appealed, arguing the trial court erred in resentencing him under

---

[1]    Undesignated section references are to the Penal Code.  This statute was originally enacted as section 1171.1 (Stats. 2021, ch. 728, § 3), but it was subsequently amended and renumbered as section 1172.75 (Stats. 2022, ch. 58, § 12).  We refer to section 1172.75 throughout this opinion.

1

section 1172.75 without applying the revised penalty provisions of the Three Strikes Reform Act of 2012 (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012)) (Reform Act). The Attorney General countered that defendant was not entitled to resentencing under the Reform Act as part of his resentencing under section 1172.75. In our original opinion, we agreed with the Attorney General and affirmed. (*People v. Kimble* (July 14, 2023, C097389) [nonpub. opn.].) Two weeks later, the Attorney General filed a petition for rehearing, informing us that his position had changed, and that he now conceded defendant was entitled to application of the Reform Act's revised penalties at his resentencing. We denied the Attorney General's rehearing petition.

The California Supreme Court granted review and subsequently transferred the matter back to this court with directions to vacate our decision and "reconsider the cause in light of the Attorney General's concession that defendant was entitled to resentencing under the revised penalty provisions of the" Reform Act. We reconsidered and again affirmed. (*People v. Kimble* (Feb. 9, 2024, C097389) [nonpub. opn.].)

The California Supreme Court again granted defendant's petition for review, and, on December 17, 2025, transferred the matter back to this court, this time with directions to vacate our decision and reconsider the matter in light of *People v. Superior Court (Guevara)* (2025) 18 Cal.5th 838 (*Guevara*). On December 23, 2025, we vacated submission of the case and our prior decision. Defendant filed a supplemental brief, arguing that, under *Guevara*, he is entitled to remand to the trial court for a full resentencing. Having reconsidered the matter in light of *Guevara*, we vacate defendant's sentence and remand for full resentencing.

FACTUAL AND PROCEDURAL BACKGROUND

In July 2008, a jury found defendant guilty of felony stalking (§ 646.9, subd. (a)), which constituted a third strike offense because he had two prior strike convictions, and which, at the time, subjected him to an indeterminate sentence of 25 years to life under the Three Strikes law. The trial court imposed that sentence, plus one year for a prior

prison term enhancement.  (§ 667.5, former subd. (b).)  We affirmed his sentence on appeal.  (*People v. Kimble* (Dec. 28, 2009, C060478) [nonpub. opn.].)

In 2013, defendant filed a petition for resentencing under section 1170.126, subdivision (b) of the then newly enacted Reform Act.  As defendant's third strike felony conviction of stalking was not a serious or violent felony (see §§ 667.5, subd. (c), 1192.7, subd. (c)), he argued that he was eligible to be resentenced under the Reform Act's revised sentencing provisions.  However, the trial court found defendant would pose "an unreasonable risk of danger to the public if released" under section 1170.126, subdivision (f), and, on that basis, declined to resentence him as a second strike offender.  Defendant appealed, and we affirmed the trial court's ruling.  (*People v. Kimble* (July 14, 2014, C073819) [nonpub. opn.].)

In July 2022, appointed counsel filed a petition for recall of defendant's sentence and a full resentencing.  Defendant argued that section 1172.75 invalidated his prior prison term enhancement and mandated a full resentencing, applying all ameliorative changes made to California's sentencing laws, including the Reform Act.

At the resentencing hearing, the trial court stated it was "declining to exercise [its] discretion to strike any enhancements or reduce the sentence, but for the one year prior prison term."  Defense counsel objected, stating that defendant was entitled to a "complete resentencing," meaning the trial court had to "start over again" with "existing laws."  The trial court responded, "I have gone over the existing laws, and I'm declining to exercise my discretion."  The court struck the one-year prior prison term enhancement and otherwise left defendant's sentence unchanged.

## DISCUSSION

This case involves the interplay between section 1172.75 and the Reform Act.  We will summarize the relevant provisions of both.

# I

## *Section 1172.75*

Section 1172.75, subdivision (a) provides: "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid."

Section 1172.75 also specifies how relief is obtained under the statute. First, the Department of Corrections and Rehabilitation notifies the sentencing court of a person in its custody who is currently serving a prison term that includes an enhancement described in subdivision (a). (§ 1172.75, subd. (b).) Upon receiving this notification, the trial court shall review the judgment and, if the sentence includes an enhancement described in subdivision (a), the court shall recall and resentence the defendant. (§ 1172.75, subd. (c).)

The statute sets forth four parameters for resentencing. (§ 1172.75, subd. (d).) First, the resentencing "shall result in a lesser sentence than the one originally imposed . . . unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed." (*Id*., subd. (d)(1).) Second, "[t]he court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id*., subd. (d)(2).) Third, the "court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration

4

is no longer in the interest of justice." (*Id*., subd. (d)(3).) Fourth, "[u]nless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (*Id*., subd. (d)(4).)

## II

### *The Reform Act*

"Under the 'Three Strikes' law as originally enacted in 1994, an individual convicted of any felony offense following two prior convictions for serious or violent felonies was subject to an indeterminate term of life imprisonment with a minimum term of no less than 25 years." (*People v. Conley* (2016) 63 Cal.4th 646, 651.) "The Reform Act changed the sentence prescribed for a third strike defendant whose current offense is not a serious or violent felony." (*Id*. at p. 652.) "Under the Reform Act's revised penalty provisions, many third strike defendants are excepted from the provision imposing an indeterminate life sentence [citation] and are instead sentenced in the same way as second strike defendants [citation]: that is, they receive a term equal to 'twice the term otherwise provided as punishment for the current felony conviction.' " (*Id*. at p. 653.) "A defendant does not qualify for this ameliorative change, however, if his current offense is a controlled substance charge involving large quantities [citation], one of various enumerated sex offenses [citation], or one in which he used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury [citation]. The ameliorative provisions of the Reform Act also do not apply in cases in which the defendant was previously convicted of certain enumerated offenses, including those involving sexual violence, child sexual abuse, homicide or attempted homicide, solicitation to commit murder, assault with a machine gun on a peace officer or firefighter, possession of a weapon of mass destruction, or any serious or violent felony

5

punishable by life imprisonment or death. [Citation.] The [Reform] Act provides that these disqualifying factors must be pleaded and proved by the prosecution." (*Ibid*.)

"In the Reform Act, the voters also established a procedure for 'persons presently serving an indeterminate term of imprisonment' under the prior version of the Three Strikes law to seek resentencing under the Reform Act's revised penalty structure. [Citation.] Under section 1170.126, 'within two years after the effective date of the act . . . or at a later date upon a showing of good cause,' such persons can file a petition for a recall of sentence before the trial court that entered the judgment of conviction. [Citation.] If the petitioner would have qualified for a shorter sentence under the Reform Act version of the law, taking into consideration the disqualifying factors [citation], section 1170.126 provides that he 'shall be resentenced pursuant to [the Reform Act] unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety' [citation]. In exercising this discretion, the court may consider the defendant's criminal conviction history, the defendant's disciplinary record and record of rehabilitation while incarcerated, and '[a]ny other evidence the court . . . determines to be relevant.' " (*People v. Conley, supra*, 63 Cal.4th at p. 653.)

## III

### *Analysis*

In *Guevara*, the trial court had recalled the defendant's sentence under section 1172.75 but "resentenced him on his third strike offense according to current law to a determinate term of eight years." (*Guevara, supra*, 18 Cal.5th at p. 850, fn. omitted.) The Supreme Court "granted review to consider whether . . . section 1172.75, by permitting recall and resentencing of indeterminate third strike sentences, amends . . . section 1170.126, in violation of article II, section 10 of the California Constitution." (*Ibid*.) The Supreme Court held that, "as a matter of constitutional avoidance, section 1172.75 incorporates section 1170.126's discretionary public safety override as a

6

condition for nonserious, nonviolent third strike offenders to obtain resentencing under the revised penalty provisions of the Reform Act." (*Ibid*.) The Supreme Court remanded to the Court of Appeal with instructions to remand the case to the superior court to determine whether sentencing defendant under the revised penalty provisions of the Reform Act would " 'pose an unreasonable risk of danger to public safety . . . .' " (*Guevara,* at p. 878.) If it determined sentencing defendant under the revised penalty provisions of the Reform Act would " 'pose an unreasonable risk of danger to public safety,' " the superior court was to reimpose an indeterminate term. (*Guevara,* at p. 878.) "If the superior court does not determine that resentencing [the defendant] would 'pose an unreasonable risk of danger to public safety,' and [the defendant] is otherwise eligible under the Reform Act, the court shall resentence [the defendant] pursuant to the revised penalty provisions of the Reform Act." (*Ibid*., fn. omitted.)

Guevara compels us to remand for a new resentencing hearing. Accordingly, we will remand the matter to the trial court for the court to conduct a resentencing hearing, including a determination of whether resentencing defendant would pose an unreasonable risk of danger to public safety. (*Guevara, supra*, 18 Cal.5th at p. 878; see also *People v. Buford* (2016) 4 Cal.App.5th 886, 913-914 [focus in a § 1170.126, subd. (f) analysis is on whether the defendant *currently* poses an unreasonable risk of danger to public safety].)

7

## DISPOSITION

Defendant's sentence is vacated, and the matter is remanded to the trial court to conduct resentencing consistent with this opinion.

                                      \s\

                                      Krause, J.

We concur:

\s\

Renner, Acting P. J.

\s\

Boulware Eurie, J.

8